IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TINA MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:17-cv-837-GMB |
| | ) | [WO] |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tina Miller originally filed suit on December 13, 2017 against Defendant Wal-Mart Stores East, LP ("Walmart") asserting a number of claims under Title VII of the Civil Rights Act of 1964 arising out of her employment at a Walmart store in Greenville, Alabama. Doc. 1. On January 5, 2018, Walmart moved to dismiss all of Miller's claims. Doc. 7. After a protracted investigation into the timeliness of Miller's claims and a summary-judgment conversion, the motion is now fully briefed and ripe for disposition. For the following reasons, it is ORDERED that the motion for summary judgment (Doc. 7) is GRANTED in part and DENIED in part, and that Miller's religious and gender discrimination and retaliation claims are DISMISSED with prejudice.

## I. JURISDICTION AND VENUE

The court has subject-matter jurisdiction over the claims in this action pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support both.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The following is a recitation of the facts as alleged in the complaint. Tina Miller began working at a Walmart store in Greenville in October 2015. Doc. 1 at 2. From the outset of her employment, Miller's coworker Christian Middleton has harassed her. Doc. 1 at 2. Middleton began sexually harassing Miller in December 2015 by making graphic comments related to Miller's sexual preferences. Doc. 1 at 3. The same month, Middleton threatened to rape Miller and "cut her up into tiny pieces and feed her to the [alligators]." Doc. 1 at 3. Over the next two months, Middleton continued to harass Miller by propositioning her, making violent sexual comments, and physically threatening Miller and her family, culminating in a threat that he would kill Miller's husband and her children. Doc. 1 at 3. Middleton also physically intimidated Miller by approaching her from behind when she was not looking and effectively forcing her against a pole in one of the store's aisles. Doc. 1 at 5–6.

On February 4, 2016, Miller reported Middleton's behavior to the store manager, James Packer. Doc. 1 at 6. Packer informed Miller that he would open an investigation and that she would need to provide a statement. Doc. 1 at 6. He also stated that the investigation would continue even though Middleton had requested a transfer. Doc. 1 at 6. One week later, Miller asked Packer for an update on the progress of the investigation, but Packer "yelled at her and stated investigations take time." Doc. 1 at 6. However, Middleton's behavior worsened and no investigation occurred. Doc. 1 at 6. As a result of the harassment, Miller has suffered stress and anxiety and was forced to seek counseling and mental health treatment. Doc. 1 at 6.

Miller filed suit under Title VII of the Civil Rights Act of 1964 and brought three claims: (1) sexual harassment and hostile work environment, (2) discrimination on the basis of her religion and gender, and (3) retaliation. Doc. 1 at 7–13. Walmart promptly filed a motion to dismiss the complaint, arguing that all of Miller's claims should be dismissed because she failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") prior to filing suit. Doc. 7 at 2–3. The court ordered additional briefing on the issue of timeliness and converted the motion to dismiss into a motion for summary judgment. *See* Docs. 18, 19, 20, 23 & 24.

Apart from the issue of timeliness, Walmart argues that Miller's discrimination and retaliation claims fail to state a claim upon which relief can be granted. *See* Doc. 7 at 3–7. In response, Miller concedes that her discrimination claim should be dismissed, but maintains that she has stated a viable claim for Title VII retaliation. *See* Doc. 16 at 1. In the alternative, she informally requests leave to amend her retaliation claim. *See* Doc. 16 at 1.

### III. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). In responding to a properly supported motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Indeed, the nonmovant must "go beyond the pleadings" and submit admissible evidence demonstrating "specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

When a district court considers a motion for summary judgment, it "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the nonmovant." *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008) (citation and internal quotation marks omitted). The court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary

judgment." *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citation omitted). Importantly, if the nonmovant "fails to adduce evidence which would be sufficient . . . to support a jury finding for [the nonmovant], summary judgment may be granted." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370 (11th Cir. 1997) (citation omitted).

## IV. DISCUSSION

### A. Timeliness

Title VII provides that a charge of discrimination "shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (quoting 42 U.S.C. § 2000e–5(e)(1)). "EEOC regulations interpret the relevant Title VII provisions to mean that a charge is 'filed' when the Commission receives it." *Pouyeh v. Univ. of Ala. Dep't of Ophthalmology*, 66 F. Supp. 3d 1375, 1380 (N.D. Ala. 2014); *see also* 29 C.F.R. § 1601.13(a). Additionally, charges of discrimination "'shall be in writing and signed and shall be verified.'" *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (quoting 29 C.F.R. § 1601.9)). "To be verified, a charge must be 'sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury.'" *Id.* (quoting 29 C.F.R. § 1601.3(a)). It is the plaintiff's burden to demonstrate the timeliness of her EEOC charge. *See, e.g.*, *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982).

Miller attached a "Form 5" charge of discrimination to her complaint. Doc. 1-1. The EEOC received this charge on September 19, 2016. *See* Doc. 1-1. The document reflects that the last act of discrimination occurred late in February 2016. *See* Doc. 1-1 at 2–3. However, Miller now admits that the last incident of discrimination occurred on February 11, 2016, not later in February. *See* Doc. 19 at 3–4. As a result, Miller's deadline for filing a timely charge with the EEOC was August 9, 2016, or 180 days after February 11. Because the EEOC received this complaint on September 19, it is untimely. Nevertheless, Miller argues that she mailed a letter to the EEOC dated August 2, 2016, which was her first "formal filing" with the EEOC. Doc. 16 at 1. The letter, which is also attached to Miller's complaint, is addressed to the EEOC's Birmingham, Alabama office and includes a detailed recitation of Miller's allegations against Walmart. *See* Doc. 1-2. Thus, the validity of Miller's Title VII claims turn on whether the August 2, 2016 letter is a proper charge of discrimination and, if so, whether it is timely.

The requirements for a proper charge are "very minimal." *Wilkerson*, 270 F.3d at 1318 (citation and internal quotation marks omitted). Indeed, "the EEOC will deem a charge minimally sufficient when it receives from the charging party 'a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Id.* (quoting 29 C.F.R. § 1601.12(b)). Moreover, even though the letter itself is not verified, "EEOC regulations permit an employee to amend a charge of discrimination to cure technical defects, 'including failure to verify the charge,' and provide that '[s]uch amendments . . . will relate back to the date the charge was first received.'" *Wilcox v. Corr. Corp. of Am.*, 603 F. App'x 862, 866 (11th Cir. 2015) (quoting

29 C.F.R. § 1601.12(b)); *see also Edelman v. Lynchburg Coll.*, 535 U.S. 106, 113 & 118 (2002). Indeed, an untimely-filed Form 5 charge can relate back to a timely-filed unverified letter if the letter otherwise satisfies the requirements of a valid charge of discrimination. *See, e.g.*, *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 405 (4th Cir. 2002).

Because Miller's letter clearly identifies the parties involved and describes in detail the actions about which she complains, it satisfies Title VII's minimum requirements for the contents of a proper charge of discrimination. And Miller has now submitted a copy of the letter with a timestamp from the EEOC's Birmingham office demonstrating that the EEOC received it on August 2, 2016. Under *Edelman*, Miller's verified but untimely charge filed in September relates back to the August 2 letter. *Id.* This date is less than 180 days after the date of the last incident of alleged discrimination, so Miller's charge of discrimination is timely. Walmart has now conceded this point. *See* Doc. 24 at 3.

## B. Discrimination Claims

The timeliness of Miller's EEOC charge is not the only hurdle her claims must clear, however, as Walmart has argued that her Title VII discrimination and retaliation causes of action fail to state a claim upon which relief can be granted. In her initial response to Walmart's motion to dismiss, Miller admitted that her claims for gender and religious discrimination should be dismissed. *See* Doc. 16 at 1. Accordingly, Miller has abandoned her Title VII discrimination claims, and summary judgment will be entered in Walmart's favor.

## C. Retaliation Claim

In Miller's initial response, she stated in conclusory fashion that she "sufficiently

plead the retaliation claim," but informally requested leave to amend "if the Court feels is [sic] has not been plead sufficiently." Doc. 16 at 1. Miller filed her initial response on February 5, 2018—nearly four months ago. Miller has had ample opportunity in those four months to file a formal motion for leave to amend her complaint to address the deficiencies and supplement the factual allegations relating to her retaliation claim, but has chosen not to do so. Most recently, she also had the opportunity to submit evidence in support of this claim. *See* Doc. 20. Accordingly, the court will examine the merits of the retaliation claim as it is pleaded in the complaint.

To make out a *prima facie* case of Title VII retaliation, Miller must demonstrate that "(1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). If the plaintiff establishes a *prima facie* case, the burden of proof shifts to the employer to articulate legitimate, nondiscriminatory reasons for the adverse employment action. *Furcron v. Mall Ctrs. Plus, LLC*, 843 F.3d 1295, 1310 (11th Cir. 2016). If it does so, "the burden shifts back to the employee to demonstrate, by a preponderance of the evidence, that the employer's reasons are pretextual." *Id.* at 1310–11.

To establish an adverse employment action for the purpose of demonstrating a *prima facie* retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe. Ry. Co. v. White*, 548 U.S. 53, 68 (2006)

(internal quotation marks omitted).  However, "it is important to separate significant from trivial harms," and "petty slights or minor annoyances that often take place at work and that all employees experience" cannot constitute adverse employment actions. *See id.*

Here, Miller has not alleged or submitted any material evidence tending to show that she suffered an adverse employment action as a result of her statutorily-protected activity.  In the retaliation count of her complaint, Miller claims that Walmart "intentionally discriminated against and retaliated against [her] for protesting against religious and sexual discrimination." Doc. 1 at 12.  However, short of the legal conclusion that Walmart retaliated against her, Miller has not identified an adverse employment action aside from the barebones allegation that "the retaliation included being scolded, and other actions."[1] Doc. 1 at 7.  Even if true, the allegation that Miller was "scolded" is a minor annoyance that cannot constitute an adverse employment action.  Moreover, the only conceivable activity protected by Title VII in which Miller engaged before this purported retaliation is her complaints to Packer "about the harassment and discrimination." Doc. 1 at 6–7. Because Miller cited retaliation in the charge of discrimination itself, *see* Doc. 1-1 at 2, any adverse employment action serving as the basis for an actionable retaliation claim must have occurred before she filed the charge—not as a result of its filing.  In as much as Packer's "scolding" is the only alleged conduct that could possibly constitute an adverse employment action, Miller has fallen short of her burden to establish a *prima facie* case for her Title VII retaliation.  Based on her scant factual allegations and failure to make any

---

[1] The court assumes, based on Miller's allegations, that this scolding occurred when she asked Packer for an update on the status of the investigation into Middleton's conduct. Doc. 1 at 6.

attempt to elaborate on these allegations, the court concludes that any amendment to the complaint—even if it had been properly requested—would be futile. Accordingly, summary judgment is due to be entered in Walmart's favor on Miller's retaliation claim.

## V. CONCLUSION

For the foregoing reasons, it is ORDERED that the motion for summary judgment (Doc. 7) is GRANTED in part and DENIED in part, and that Plaintiff Tina Miller's religious and gender discrimination and retaliation claims are DISMISSED with prejudice.

DONE this 4th day of June, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE